Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Timothy S. Radigan**
  Debtor(s)

Bankruptcy Case No.: 16–20963–CMB
Issued Per 7/11/2019 Proceeding
Chapter: 13
Docket No.: 95 – 85
Concil. Conf.: July 11, 2019 at 10:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated May 23, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jul. 11, 2019 at 10:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☒ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H.    Additional Terms: A Fee Application is needed if any fee (including retainer) exceeds $4,000.00 including any fees paid to prior counsel.

No further payments to following claims because of surrender of collateral in amended plan all prior payments ratified and confirmed: Claim No. 2 of PRA secured claim.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: July 17, 2019

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                          Case No. 16-20963-CMB
Timothy S. Radigan                                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: dbas                Page 1 of 2           Date Rcvd: Jul 17, 2019
                              Form ID: 149              Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 19, 2019.
db             +Timothy S. Radigan,   233 Klein Road,   Glenshaw, PA 15116-3015
aty            +The Debt Doctors at Quatrini Rafferty,   941 Penn Avenue,   Suite 101,
                 Pittsburgh, PA 15222-3843
aty            +The Debt Doctors, LLC,   607 College Street,   Suite 101,   Pittsburgh, PA   15232,
                 UNITED STATES 15232-1700
cr             +Peoples Natural Gas Company, LLC,   Attn: Dawn Lindner,   225 North Shore Drive,
                 Pittsburgh, PA 15212-5860
14197006        Bank of America,   PO Box 31785,   Tampa, FL 33631-3785
14246945        Bank of America, N.A.,   P.O. Box 31785,   Tampa, FL 33631-3785
14211369       +Fedloan Servicing Credit,   PO Box 60610,   Harrisburg, PA 17106-0610
14211370       +First Premier Bank,   P.O. Box 5519,   Sioux Falls, SD 57117-5519
14211371       +KML Law Group, P.C.,   Suite 5000 - BNY Independence Center,   701 Market Street,
                 Philadelphia, PA 19106-1538
14271000       +Peoples Natural Gas Company LLC,   c/o Barbara Rodgers,   375 North Shore Drive, Suite 600,
                 Pittsburgh, PA 15212-5866
14238973        U.S. Department of Education,   C/O FedLoan Servicing,   P.O. Box 69184,
                 Harrisburg, PA  17106-9184
14201032       +U.S. Department of Housing and Urban Development,   451 7th Street S.W.,
                 Washington, DC 20410-0002
14243494       +UPMC St Margaret,   6681 Country Club Drive,   Golden Valley MN 55427-4601

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 18 2019 03:29:41
                 PRA Receivables Management, LLC,   PO Box 41067,   Norfolk, VA 23541-1067
14202333        E-mail/Text: ally@ebn.phinsolutions.com Jul 18 2019 03:21:13     Ally Financial,
                 PO Box 130424,   Roseville, MN 55113-0004
14211367       +E-mail/Text: ally@ebn.phinsolutions.com Jul 18 2019 03:21:13     Ally Financial,
                 P.O. Box 380901,   Minneapolis, MN 55438-0901
14269356       +E-mail/Text: kburkley@bernsteinlaw.com Jul 18 2019 03:23:17     Duquesne Light Company,
                 c/o Peter J. Ashcroft,,   Bernstein-Burkley, P.C.,,   707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14520148        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 18 2019 03:29:41
                 Portfolio Recovery Associates, LLC,   PO Box 41067,   Norfolk, VA 23541
14262801       +E-mail/Text: JCAP_BNC_Notices@jcap.com Jul 18 2019 03:22:54     Premier Bankcard, Llc,
                 c o Jefferson Capital Systems LLC,   Po Box 7999,   Saint Cloud Mn 56302-7999
14216828        E-mail/PDF: cbp@onemainfinancial.com Jul 18 2019 03:28:32     SPRINGLEAF FINANCIAL SERVICES,
                 PO BOX 3251,   EVANSVILLE, IN 47731
14211373        E-mail/PDF: cbp@onemainfinancial.com Jul 18 2019 03:30:35     Springleaf,   601 NW 2nd Street,
                 Evansville, IN 47708
14211374       +E-mail/Text: BankruptcyNotice@upmc.edu Jul 18 2019 03:23:13     UPMC,
                 Quantum I Building, Third Floor,   Distribution Room #386,   2 Hot Metal Street,
                 Pittsburgh, PA 15203-2348
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              BANK OF AMERICA, N.A.
cr              Duquesne Light Company
cr              Wilmington Savings Fund Society, FSB, as trustee o
14639519        Wilmington Savings Fund Society,FSB,   P.O.Box 3730,Anaheim,CA 92806
cr*            +PRA  Receivables Management LLC,   POB 41067,   Norfolk, VA 23541-1067
14211368*       Bank of America,   PO Box 31785,   Tampa, FL 33631-3785
14706697*      ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery Associates, LLC,   PO Box 41067,
                 Norfolk, VA 23541)
14211372       ##+Pittsburgh Trade Alliance,   PO Box 14811,   Pittsburgh, PA 15234-0811
                                                                                   TOTALS: 4, * 3, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0315-2              User: dbas                Page 2 of 2                  Date Rcvd: Jul 17, 2019
                                  Form ID: 149              Total Noticed: 22
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 19, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 17, 2019 at the address(es) listed below:

```
              Andrew F Gornall    on behalf of Creditor    BANK OF AMERICA, N.A. andygornall@latouflawfirm.com
              James   Warmbrodt    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              James   Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, as trustee of
               Stanwich Mortgage Loan Trust C bkgroup@kmllawgroup.com
              Joshua I. Goldman    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              Matthew M. Herron    on behalf of Attorney    The Debt Doctors at Quatrini Rafferty
               mmh@thedebtdoctors.com,  hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Debtor Timothy S. Radigan mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Attorney    The Debt Doctors, LLC mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                               TOTAL: 11
```